UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN KENNINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-00043 |
| | § | |
| WELLS FARGO NATIONAL ASSOCIATION, | § § § | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

This action arises from a loan for the construction of new improvements on a homestead in Texas. Plaintiff Susan Kennington ("Kennington") has brought this suit alleging that Defendant KeyBank National Association ("KeyBank") unlawfully obtained a lien on her homestead as a result of this loan. Pending before the Court is Defendant KeyBank's Motion to Dismiss Kennington's First Amended Complaint. Dkt. 18. After careful consideration of the pleadings, the motions, responses, replies and the applicable law, the Court **GRANTS** the motion to dismiss.

### I. Factual and Procedural Background

In 2007 Kennington executed a Note ("Note") in favor of Viking Capital, Inc. ("Viking") for work and materials to be used on new improvements on her homestead. To secure the Note, Kennington executed a Deed of Trust ("Deed of Trust") in favor of Viking. Viking then assigned the Deed of Trust to KeyBank pursuant to an Assignment of Deed of Trust.

In April 2017, Kennington filed suit in state court in Fort Bend County, Texas against KeyBank for unlawfully obtaining a lien on her homestead. KeyBank removed the case to the United States District Court for the Southern District of Texas in the matter styled *Susan Kennington vs. KeyBank National Association & Viking Capital, Inc.*, Civ. Action 4:17-cv-1851 (S.D. Tex. June 19, 2017) (the "First Lawsuit"). In May 2017, Kennington filed a second lawsuit in Fort Bend County, Texas, against KeyBank. Again, the basis of her claims was that KeyBank unlawfully obtained a lien on her homestead. Kennington attached the allegedly unlawful lien documents to her pleadings. This lien was the same lien complained of in the First Lawsuit. KeyBank also removed that case to the Southern District of Texas in the matter styled *Susan Kennington vs. KeyBank National Association*, Civ. Action 4:17-cv-2098 (S.D. Tex. July 10, 2017) (the "Second Lawsuit").

On July 19, 2017, Kennington moved to dismiss the Second Lawsuit and the Court entered a dismissal order citing Rule 41 and using language tracking the text of Rule 41(a)(1)(A)(i). Second Lawsuit, Dkt. 11.[1] On July 25, 2017, Kennington dismissed the First Lawsuit, seeking dismissal "pursuant to Rule 41(a)(1)." First Lawsuit, Dkt. 25. On July 26, 2017, the Court entered an order dismissing the First Lawsuit. *Id*. Dkt. 19.

In September 2017 Kennington filed the present action in state court in Fort Bend County. Dkt. 1-3. This lawsuit also asserts claims against KeyBank for unlawfully

---

[1] In her motion, Kennington stated that "[i]t is my wish to dismiss this action in its entirety" and requested that the Court dismiss the Second Lawsuit. Second Lawsuit, Dkt. 5 at 6. This is precisely what the Court's Order did. Second Lawsuit, Dkt. 11.

obtaining the same lien at issue in the First and Second Lawsuits. Dkt. 1-3 at 3–4. Once again KeyBank removed the case to this Court.

In its pending motion, KeyBank argues that this action should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(B). KeyBank asserts that Kennington has already sued KeyBank twice for the same actions complained of in this lawsuit and has twice voluntarily dismissed those claims. Accordingly, KeyBank argues that Rule 41(a)(1)(B) mandates the immediate dismissal of this action with prejudice. For the reasons discussed in further detail below, the Court agrees.

## II. Legal Standard

Federal Rule of Civil Procedure 41(a)(1)(A) permits a plaintiff to unilaterally dismiss an action without court approval by filing a notice of dismissal. The notice must be filed before any opposing party serves either an answer or a motion for summary judgment. *Id.* Such a dismissal is made without prejudice. Fed. R. Civ. P. 41(a)(1)(B). However, Rule 41 also provides that:

> [I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

*Id.* This caveat included in Rule 41(a)(1)(B) is known as the "Two Dismissal Rule," which provides that a plaintiff only has "the right to take one such dismissal without prejudice." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990). "[I]f the plaintiff [voluntarily dismisses pursuant to] Rule 41(a)(1) a second time for an action based on or including the same claim, the action must be dismissed with prejudice." *Id.* at 394 (internal quotations omitted). Thus, under Rule 41 and its Two Dismissal Rule, a

plaintiff has the benefit of voluntarily dismissing his or her claims against a defendant without prejudice only once; any subsequent voluntary dismissal of those claims will bar the plaintiff from bringing them again. *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) ("[T]he well-known legal consequence of two voluntary dismissals is an inability to re-file the complaint."). Application of the Two Dismissal Rule is not discretionary, and it must be strictly construed. *See, e.g.*, *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) (interpreting text of Rule 41).

To determine whether under Rule 41 a plaintiff's second lawsuit was "based on" or included the same claims as his first lawsuit, courts look to the principles of res judicata. *See, e.g.*, *Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP*, 575 Fed. Appx. 216, 218 (5th Cir. 2014) (affirming dismissal based on res judicata through operation of the two-dismissal rule); *Beckmann v. Bank of Am., N.A.*, Civ. Action 1:14-02675, 2015 WL 11578509, at *5 (N.D. Ga. Jan. 27, 2015), *report and recommendation adopted sub nom. Beckmann v. Bank of Am.*, Civ. Action 1:14-2675, 2015 WL 11605516 (N.D. Ga. Mar. 4, 2015) (collecting cases). Res judicata, or claim preclusion, applies when (1) the parties in a prior and present suit are identical, (2) a court of competent jurisdiction rendered the prior judgment, (3) the prior judgment was final and on the merits, and (4) the plaintiff raised the same cause of action in both suits. *Oreck Direct LLC v. Dyson Inc.*, 560 F. 3d 398, 401 (5th Cir. 2009).

### III. Analysis

The application of the principles of res judicata and the express language of Rule 41 mandate the dismissal of the present action against KeyBank. Here, the parties in all

three suits are the same—Kennington and KeyBank. The two prior dismissals were also entered by a court of competent jurisdiction—the United States District Court for the Southern District of Texas.[2] The express language of the dismissal orders in the First and Second Lawsuits invokes Rule 41, making the Two Dismissal Rule applicable to Kennington's claims. Under this Rule, Kennington's second voluntary dismissal operates as a final "adjudication on the merits."[3] *See* Fed. R. Civ. P. 41(a).

Finally, Kennington's claims in all three cases are the same. The claims of the First Lawsuit, Second Lawsuit, and present suit involve the same challenges to the validity of KeyBank's lien. The facts of all three cases arise out of the same single loan transaction and share the same nucleus of operative facts—Kennington's assertions that KeyBank unlawfully obtained a lien on her homestead as a result of this loan. In the First Lawsuit, Kennington sought to invalidate KeyBank's lien due to, among other things, alleged violations of the homestead lien provisions of the Texas Constitution, the Texas Debt Collection Act, the Deceptive Trade Practices Act, and the Texas Finance Code, and for fraud. *See* First Lawsuit, Dkt. 12-5. In the Second Lawsuit, Kennington again sought to invalidate KeyBank's lien based upon the same alleged violations of the homestead lien provisions of the Texas Constitution as she asserted in the First Lawsuit. *See* Second

---

[2] The judgment in the First Lawsuit was entered by The Honorable Vanessa Gilmore and the judgment in the Second Lawsuit was entered by The Honorable Gray Miller.

[3] The fact that the dismissal order in the Second Lawsuit states that it was "without prejudice" is irrelevant in determining the order's effect under Rule 41(a). *See, e.g.*, *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("[I]t does not matter what label the plaintiff attaches to a second voluntary dismissal. Rather, Rule 41 itself prescribes the effect of Rule 41(a)(1) dismissals.")

Lawsuit, Dkt. 1-4. In this case, Kennington seeks to invalidate KeyBank's lien based upon the same alleged violations of the homestead lien provisions of the Texas Constitution asserted in the First and Second Lawsuits. Dkt. 17. Accordingly, pursuant to the plain language of Rule 41(a)(1)(B), the Court's second dismissal order operates as a dismissal with prejudice and Kennington cannot proceed with the present lawsuit. *See* 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2368 (3d ed. 2019 update).

Kennington argues that the Two Dismissal Rule should not apply to her because she is an unsophisticated *pro se* litigant who did not understand the consequences of her request for dismissal in the Second Lawsuit. Dkt. 25 at 2. Kennington also argues that, because of the style of her initial state court pleadings, she did not understand the Second Lawsuit as being a "lawsuit" against KeyBank. *Id.* at 1–2. The Court finds Kennington's arguments unpersuasive.

It is undisputed that Kennington voluntarily chose to dismiss the Second Lawsuit, and Rule 41 does not condition its application on the sophistication of a litigant or on whether they are represented by counsel. Furthermore, assuming that Kennington did not understand the consequences of her motion to dismiss the Second Lawsuit, she was, at the very least, aware of Rule 41. Kennington dismissed the First Lawsuit, seeking dismissal "pursuant to Rule 41(a)(1)," and the Court entered an order dismissing the Second Lawsuit referencing and tracking the language of Rule 41(a)(1)(A)(i). Assuming that Kennington may have, at one time, thought that the Second Lawsuit was not a "lawsuit," she certainly should have known that it was a lawsuit from the style of the case

once it had been removed to federal court and before she voluntarily asked the Court to dismiss it. *See* Second Lawsuit, Dkt. 1.

In her response to the motion to dismiss, Kennington moves the Court to grant her relief from the dismissal order in the Second Lawsuit pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6). Dkt. 25 at 3–4. This motion, filed almost two and a half years after the entry of the order, is denied as untimely. *See Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) (affirming denial of Rule 60 motion filed fifteen months after judgment because it was not brought within reasonable time); *In re BNP Petroleum Corp.*, 642 F. App'x 429, 436 (5th Cir. 2016) (affirming denial of Rule 60 motion filed sixteen months after judgment because it was not brought within reasonable time); *Limon v. Double Eagle Marine, L.L.C.*, 771 F. Supp. 2d 672, 679 (S.D. Tex. 2011) (finding that a four-month delay between discovering new evidence and filing the Rule 60 motion was unreasonable).

### IV. Conclusion

For the foregoing reasons, Defendant KeyBank's Motion to Dismiss Kennington's First Amended Complaint (Dkt. 18) is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas on the 3rd of April, 2020.

George C. Hanks, Jr.
United States District Judge